Filed 8/14/14  P. v. Petitta CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAWRENCE JOSEPH PETITTA,<br><br>    Defendant and Appellant. | H040178<br>(Santa Clara County<br>Super. Ct. No. B1154589) |

Defendant Lawrence Joseph Petitta was charged with second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)).[1]  It was also alleged that he had two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12) and two five-year enhancements pursuant to section 667, subdivision (a).  Prior to trial, the trial court suspended criminal proceedings and ordered psychiatric evaluation as to defendant's competency.  Based on three psychiatric reports, the trial court found that defendant was competent and reinstated criminal proceedings.

At the change of plea hearing, defendant verified to the trial court that he had initialed and executed an advisement of rights, waiver, and plea form pursuant to *Boykin/Tahl*.[2]  Defendant also stated that he understood the form, had no questions

---

[1]    All further statutory references are to the Penal Code.

[2]    *Boykin v. Alabama* (1969) 395 U.S. 238 (*Boykin*); *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*).

regarding it, and understood the consequences of his plea.  The parties stipulated that the police report constituted a factual basis for the plea.[3]  Defendant pleaded guilty to the charged offense and admitted the allegations.

Defendant submitted a request for the trial court to exercise its discretion and strike the prior strike allegations under section 1385.  Following a hearing, the trial court struck both prior strike allegations in the interest of justice.  The trial court then sentenced defendant to the middle term of three years for the second degree robbery and five years for each of the prior convictions under section 667, subdivision (a) for a total term of 13 years.  Defendant filed a timely notice of appeal.

Appointed counsel initially filed an opening brief in which she argued that defendant had been deprived of the effective assistance of counsel.  However, she subsequently wrote to defendant and recommended that he abandon his appeal, because he risked exposure to a longer sentence than he was currently serving.  Moreover, in discussing the matter with trial counsel, she learned that the issue was not in fact a viable legal issue.  Appointed counsel then brought a motion to strike the opening brief and substitute a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which was granted.

Defendant was notified of his right to submit written argument on his own behalf. He has filed a supplemental brief.

Defendant raises issues relating to the "Three Strikes" law.  He contends:  (1) "the retroactive judicial enlargement of prior convictions by the 'three strike law' is a violation of constitutional protection found in the 'ex-post facto' clause of the United States Constitution"; (2) the Three Strikes law is flawed with "scribner errors and a plea

---

[3]  Defendant walked into a bank and stated, "This is a robbery . . . give me the money."  After the teller placed $1,000 on the counter, defendant took the money and left.  About 25 minutes later, police detained defendant at a nearby Starbucks.  The teller then identified defendant as the robber at an infield showup.  After waiving his *Miranda* rights, defendant stated that he had committed the robbery.

bargain agreement statutory prohibition error making it an irresponsible law, which is an unconstitutional law"; (3) the Three Strikes law "alters the earlier [plea bargain agreement] by taking the record of conviction out of the negotiated and bargained for sentencing scheme and retroactively uses it in an entirely new and unnegotiated sentencing scheme with its own sentencing guideline with a harsher penalty range" and is a violation of section 1203.4. In his supplemental brief, he also contends that the Three Strikes law violated his equal protection rights.

As the United States Supreme Court stated: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." (*Mills v. Green* (1895) 159 U.S. 651, 653.) Here, the trial court struck both prior strike allegations and thus the issues raised by defendant are moot. Accordingly, we do not consider defendant's challenges to the Three Strikes law.

Defendant also claims that he "was never informed with 'particularity' what the charged offense[s] against him were for" nor was he "given the opportunity to cross-examine the victims in court" in connection with the prior conviction allegations pursuant to section 667, subdivision (a). The information fully informed defendant regarding these allegations. Defendant cites no authority for the proposition that he was entitled to cross-examine the victims of these convictions prior to admitting the allegations that he had prior convictions under section 667, subdivision (a).

Defendant next argues that "the trial court failed to follow the statutes which require the sentencing court to consider a defendant's 'guilty plea' to be accepted only in the 'strong light' of full disclosure of the defendant's rights."

"[A] trial court normally must admonish a defendant of the direct consequences of a plea of guilty or nolo contendere. [Citation.] However, a court may rely upon a

3

defendant's validly executed waiver form as a proper substitute for a personal admonishment. [Citations.]" (*People v. Panizzon* (1996) 13 Cal.4th 68, 83.)

Here, defendant executed an "ADVISEMENT OF RIGHTS, WAIVER, AND PLEA FORM," which informed him of, among other things, his right to a jury trial, right to confront and cross-examine witnesses, right against self-incrimination, right to produce evidence and to present a defense. At the hearing on the change of plea, defendant represented that he had read, understood, and personally initialed the relevant paragraphs of the form, and that he had signed and dated it. Defense counsel represented that he had also signed the form, which stated that he had reviewed the form with defendant and explained its terms to him. Thus, the record establishes that defendant was fully informed of his rights prior to waiving them and entering his plea.

Defendant also claims the trial court erred under section 1192.5 because it did not provide him with an opportunity to withdraw his plea. Section 1192.5 provides that a defendant may withdraw his or her plea if the trial court withdraws its approval of the plea. However, here, the trial court did not withdraw its approval.

Defendant contends that he was denied the right to present the defense of "necessity." He argues that "the police withheld information from the court how [he] said he was being tortured from electrodes surgically implanted into his brain and used for unlawful and vindictive mind control." Defendant asserts that he gave this information to his counsel, a court-ordered psychiatrist, and the physicians at the jail. However, these individuals denied any knowledge of government programs which implanted electrodes in people's brains. Defendant's contention may not be raised in this appeal, because he failed to obtain a certificate of probable cause. (§ 1237.5.) His contention relates to the validity of his plea and admissions, which cannot be challenged without a certificate.

Defendant further contends that "[a] court may deny relief to a party whose conduct has been inequitable, unfair, and deceitful, but the doctrine applies only when the

4

reprehensible conduct complained of pertains to the controversy at issue."  The unclean hands doctrine is not applicable to the present case.[4]

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

The judgment is affirmed.


_____

Mihara, J.



WE CONCUR:




_____

Premo, Acting P. J.




_____

Elia, J.

---

[4]     Defendant requests that this court augment the record on appeal to include various letters.  However, there is no indication that these letters were before the trial court.  Accordingly, the motion to augment is denied.